UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KATHY GRENON,
Parent of a disabled student, J.M.G.,

                              Plaintiff,

  -against-                                        1:05-CV-1109
                                                                  (LEK/RFT)

TACONIC HILLS CENTRAL SCHOOL DISTRICT,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Kathy Grenon (hereinafter "Plaintiff") brings this action pursuant to the Individuals with Disabilities Education Act,[1] 20 U.S.C. § 1400 et seq. (hereinafter "IDEA"), on behalf of her disabled child, J.M.G. (hereinafter "J.G."), alleging that Taconic Hills Central School District (hereinafter "Defendant") denied a free appropriate public education to J.G. The State Review Officer (hereinafter "SRO") issued two decisions, SRO Decision No. 05-034, issued on May 4, 2005, and SRO Decision 05-056, issued on July 25, 2005, denying Plaintiff reimbursement of tuition for the placement of her child at the Kildonan School. Having exhausted the administrative remedies available to her, Plaintiff instituted the present action seeking tuition reimbursement for the placement of J.G. at the Kildonan School. Presently before the Court is Defendant's Motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and request for attorneys' fees.

---

[1] The Act was amended and renamed as the Individuals with Disabilities Education Improvement Act, effective as of July 1, 2005. 20 U.S.C. § 1400 (P.L. 108-446 appearing as note to section). The amended Act became effective after the events surrounding Plaintiff's claims.

# I. BACKGROUND

*A. Diagnosis of Disability and Development of IEP*

In kindergarten, J.G. was diagnosed with Attention Deficit Disorder ("ADD"). Compl. (Dkt. No. 1) at ¶ 8. When J.G. was in second grade, his mother obtained an independent educational evaluation from a doctor, whose report confirmed the diagnosis of ADD and further determined that J.G. had a language-based learning disability that affected J.G.'s reading and writing skills. Id. at ¶ 10. On February 17, 2000, when J.G. was in third grade, Defendant's Committee on Special Education (hereinafter "CSE") classified J.G. as learning disabled and developed an individualized educational plan ("IEP"). Id. at ¶ 11. In the following years, the CSE continued providing J.G. with an IEP that was adjusted prior to the beginning of every school year to reflect J.G.'s needs. Id. at ¶¶ 12-18. During those years, Plaintiff became dissatisfied with what she perceived to be J.G.'s lack of academic progress. Id.

*B. Prior Hearings with Regard to 2003-04 School Year*

On August 4, 2003, Plaintiff wrote to the CSE, rejecting the proposed IEP for the ensuing academic year. Compl. (Dkt. No. 1) at ¶ 21. Furthermore, Plaintiff requested a hearing before an impartial hearing officer (hereinafter "IHO") and reimbursement for J.G.'s attendance at a summer program for children with learning disabilities. Id. At the hearing, Plaintiff and Defendant entered into a settlement agreement. Id. The parties agreed that a new IEP would be completed no later than November 18, 2003. Id. However, a draft IEP was not developed until January 29, 2004. Id. at ¶ 22. A revised IEP was presented to Plaintiff on February 20, 2004. Id.

In early January 2004, Plaintiff placed J.G. at the Kildonan School, a private school for

students with reading disorders.  Id. at ¶ 23.  Subsequently, Plaintiff requested a hearing before an IHO seeking tuition reimbursement for the period from January to May 2004.  Id. at ¶ 24.  Plaintiff prevailed at the hearing, but the SRO reversed on appeal, concluding that Defendant had provided J.G. with a free appropriate public education.  Id. at ¶ 24; SRO Decision 04-068 (issued on Oct. 28, 2004).

### C.  First Hearing with Regard to 2004-05 School Year

The CSE developed a new IEP for J.G.'s eighth-grade education.  Compl. (Dkt. No. 1) at ¶ 25.  The IEP placed J.G. in regular education classes and provided for one daily special education session, consultant teacher services for English and weekly speech therapy.  Id.  Plaintiff rejected the proposed IEP, notified the district of her intention to enroll J.G. at Kildonan, asked for reimbursement of tuition, and requested that the school district provide her child with transportation to Kildonan.  Id. at ¶ 26; IHO Decision 1 (Dkt. No. 7, Attach. 1, Ex. B) at 3.

On September 7, 2004, Plaintiff formally requested an impartial hearing.  Compl. (Dkt. No. 1) at ¶ 26.  On September 9, 2004, Defendant appointed Joseph E. Wooley (hereinafter "IHO Wooley") as the impartial hearing officer.  IHO Decision 1 (Dkt. No. 7, Attach. 1, Ex. B) at 3.  On September 23, 2004, during a conference call arranged by IHO Wooley, RosaLee Charpentier, Esq., Plaintiff's counsel in the present case, informed IHO Wooley that she was not representing Plaintiff in the impartial hearing and requested that Defendant's counsel provide Plaintiff with a list of free or low-cost attorneys.  Id.  Also during the conference call, counsel for Defendant stated that J.G. would be picked up at a central location and transported to Kildonan.  Id.

Subsequent to the conference call, IHO Wooley received a letter from Plaintiff, dated September 23, 2004, stating that Plaintiff was withdrawing her hearing request without prejudice.

Id. In the letter Plaintiff stated that she wanted to wait for the outcome of an appeal of a hearing officer's decision with regard to tuition reimbursement for the period from January to May 2004.[2] Id. at 3-4. Plaintiff also asked that J.G. be transported to Kildonan from home. Id. at 4.

On October 6, 2004, IHO Wooley denied Plaintiff's request for withdrawal from the hearing, stating that Defendant would be prejudiced by a delay in the proceedings. Id. IHO Wooley further stated that an expeditious resolution of the dispute would be in J.G.'s best interests, for it would ensure J.G. access to an appropriate educational program without delay. Id.

Numerous telephone and e-mail conversations between IHO Wooley, Plaintiff and Defendant's counsel followed. Id. at 5-9. In these communications, Plaintiff reiterated her request for withdrawal, premised mainly on her failure to obtain legal services; Defendant's counsel reiterated her intention to proceed with the hearing; and IHO Wooley denied Plaintiff's request for withdrawal for substantially the same reasons as before. Id. In denying Plaintiff's request, IHO Wooley further stated that Plaintiff had been provided with a list of free or low-cost legal services and that Plaintiff was not entitled to withdrawal or continued adjournments just because she could not find an attorney that suited her. Id. at 8.

Finally, on December 6, 2004, three months after Plaintiff's initial request, a hearing was held. Compl. (Dkt. No. 1) at ¶ 32. At the hearing, Plaintiff read a statement into the record, reiterating her objections to the hearing and inability to proceed due to lack of representation, and left in the middle of the proceedings. Id.; IHO Decision 1 (Dkt. No. 7, Attach. 1, Ex. B) at 9.

---

[2] A decision with regard to this appeal was issued on October 28, 2004, over a month prior to the first impartial hearing at issue in this case. SRO Decision No. 04-068 (Dkt. No. 7, Attach. 1, Ex. A). The SRO denied Plaintiff reimbursement for placing J.G. at Kildonan from January to May 2004. Id.

On January 24, 2005, IHO Wooley issued a decision denying tuition reimbursement to Plaintiff for placing J.G. at the Kildonan School for the 2004-05 school year. IHO Decision 1 (Dkt. No. 7, Attach. 1, Ex. B) at 16-19. In reaching the decision, IHO Wooley relied on the SRO Decision of October 28, 2004, in which substantially the same issues were considered and a free appropriate public education was found to have been offered by Defendant. Id. at 17. IHO Wooley compared the IEP considered by the SRO and the IEP before him and found them to be comparable. Id. at 18. Because Plaintiff had not provided any new information that would cause the CSE to make changes to J.G.'s IEP, which was previously found to have been appropriate for J.G.'s educational needs, IHO Wooley concluded that Defendant had provided J.G. with a free appropriate public education, and, therefore, Plaintiff was not entitled to reimbursement of tuition and transportation costs. Id. at 18-19.

On March 14, 2005, Plaintiff filed a petition for review with the SRO. Compl. (Dkt. No. 1) at ¶ 34; SRO Decision No. 05-034 (Dkt. No. 7, Attach. 1, Ex. C) at 4. The petition for review was filed forty-nine (49) days after IHO Wooley's decision. SRO Decision No. 05-034 (Dkt. No. 7, Attach. 1, Ex. C) at 4. SRO Kelly dismissed the petition as untimely because it was not filed within thirty-five (35) days of the impartial hearing officer's decision in compliance with N.Y. COMP. CODES R. & REGS. tit. 8, §§ 279.2, 279.13. Id. The SRO found Plaintiff's reason for late filing - that a person delegated with service was confused by Plaintiff's counsel's instructions and misplaced the documents to be served - unpersuasive and did not excuse the delay. Id. at 4-5.

### D. Second Hearing with Regard to 2004-05 School Year

On February 18, 2005, prior to filing a petition for review of IHO Wooley's decision of January 24, 2005, Plaintiff filed a second request for a hearing. IHO Decision 2 (Dkt. No. 7,

5

Attach.1, Ex. D) at 1. Plaintiff was able to secure legal representation on January 18, 2005 and filed the new request with the assistance of counsel. Compl. (Dkt. No. 1) at ¶ 37. Defendant forwarded the request to IHO Wooley because the request was based on the same issues as those raised at the first hearing. Id. at ¶ 38; IHO Decision 2 (Dkt. No. 7, Attach. 1, Ex. D) at 9. In anticipation of actions taken by Plaintiff in requesting a second hearing, IHO Wooley had "retained jurisdiction over the 2004-2005 school year" at the first hearing. IHO Decision 2 (Dkt. No. 7, Attach. 1, Ex. D) at 12. On April 29, 2005, having concluded that Plaintiff's second hearing request did not add any new information, IHO Wooley dismissed the request on the basis of *res judicata* and collateral estoppel. Id. at 9-11. Relying on prior decisions of the SRO, IHO Wooley also noted that Plaintiff's filing of a second hearing request on the same issues without awaiting the resolution of her appeal of the first hearing decision was an abuse of the administrative process. Id. at 11.

Plaintiff also appealed IHO Wooley's second decision of April 29, 2005. SRO Decision No. 05-056 (Dkt. No. 7, Attach. 1, Ex. E) at 1. SRO Kelly affirmed the decision of IHO Wooley to retain jurisdiction over the second hearing for the "narrow purpose of addressing any subsequent hearing request which raised no new issues or complaints," but noted that, generally, an impartial hearing officer may not retain jurisdiction over subsequent hearings. Id. at 4. Finally, SRO Kelly concluded that a reconsideration of the issues raised by Plaintiff was barred by *res judicata* and collateral estoppel. Id.

## II. DISCUSSION

### A. Standard of Review of a Motion to Dismiss

In considering a motion to dismiss, the Court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. Burnette v.

6

Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The Court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Burnette, 192 F.3d at 56 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Thus, the Supreme Court has held that "'[t]he issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

  B. *Standard of Review in IDEA Cases*

  Plaintiffs who bring suit pursuant to the IDEA must first exhaust the state administrative remedies available to them. 20 U.S.C. § 1415(i)(2) (2000); Riley v. Ambach, 668 F.2d 635, 640 (2d Cir. 1981); Fennell v. Cortines, 69 F.3d 687, 688 (2d Cir. 1995). The decisions of the state administrative agencies are then subject to independent judicial review. Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998) (quoting Board of Educ. v. Rowley, 458 U.S. 176, 205 (1998)). In Rowley, the Supreme Court stated that, when reviewing state administrative decisions, courts must give "due weight" to these proceedings. Rowley, 458 U.S. at 206. The Second Circuit further elaborated that "deference is particularly appropriate when . . . the state hearing officers' review has been thorough and careful." Walczak, 142 F.3d at 129.

  There is no dispute in this case that Plaintiff has exhausted her administrative remedies. Therefore, Plaintiff has properly asserted her right to bring suit in this Court.

  C. *Timeliness of Appeal of First Impartial Hearing Decision*

  A plaintiff seeking review of a decision by an impartial hearing officer must file the petition for review within thirty-five (35) days from the date of the decision. N.Y. COMP. CODES R. & REGS.

7

tit. 8, § 279.2(b) (2006). Upon a showing of good cause, the SRO may, in the SRO's sole discretion, excuse a late filing. N.Y. COMP. CODES R. & REGS. tit. 8, § 279.13 (2006).

While there is a dearth of authority related to judicial review of SRO decisions dismissing appeals for untimeliness, two decisions offered by Defendant's counsel provide some guidance. In one case, the court held that the SRO's decision to dismiss a party's appeal for untimeliness "'will be upheld on review unless it is arbitrary and capricious.'" Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 99 Civ. 9294, 1999 U.S. Dist. LEXIS 16863, at *8-*9 (S.D.N.Y. Oct. 28, 1999) (citing Davis v. Comm'r of Educ., 189 A.D. 2d 1046, 1047 (N.Y. App. Div., 3d Dep't 1993)), rev'd on other grounds, Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 126 S. Ct. 2455 (2006).

Additionally, 20 U.S.C. § 1415(i)(1)(A) states that "a decision made in a hearing . . . shall be final, except that any party involved in such hearing may appeal such decision . . . ." The Court in Murphy interpreted this provision to mean that a failure to file a timely appeal is equivalent to failing to appeal at all, and this renders the IHO decision final. Murphy, 1999 U.S. Dist. LEXIS 16863, at *7-*8.

In another case, in which the timeliness of a petition for review by the SRO was at issue, the Court limited its review to the issue of timeliness and did not address the substance of the claims raised before the Court. Gagliardo v. Arlington Cent. Sch. Dist., 373 F. Supp. 2d 460 (S.D.N.Y. 2005). Upon finding that the SRO erred in basing his determination of untimeliness upon an unwarranted assumption, the Court remanded the case for a further determination by the SRO. Id. at 461. The Court's holding in Gagliardo implies that when the timeliness of an appeal is in issue, review by a court of law is limited to that issue alone and does not extend to the merits of the underlying claims.

After reviewing the first SRO decision, the Court concludes that the SRO's decision to dismiss the complaint as untimely was not arbitrary or capricious. Plaintiff concedes that she filed her petition for review in an untimely manner. Compl. (Dkt. No. 1) at ¶ 34. Plaintiff alleges that the complaint was filed 6 days late, while SRO Kelly concluded that the petition was filed 49 days after the date of the impartial hearing officer's decision. SRO Decision 05-034 (Dkt. No. 7, Attach. 1, Ex. C) at 4. SRO Kelly is correct in his determination that the petition for review was filed 49 days after the date of the impartial hearing officer's decision and, therefore, not within the period contemplated by N.Y. COMP. CODES R. & REGS. tit. 8, § 279.2(b). IHO Wooley's decision is dated January 24, 2004. Plaintiff served the petition for review on March 14, 2005. Compl. (Dkt. No. 1) at ¶ 34. The filing of the petition occurred 49 days after IHO Wooley issued his decision.

As cause for the late filing, Plaintiff's counsel stated that the papers were not served in time because Plaintiff's family member, who had been delegated with the service of the papers, misplaced the documents. SRO Decision 05-034 (Dkt. No. 7, Attach. 1, Ex. C) at 4. SRO Kelly found Plaintiff's cause for the late filing unpersuasive, stating that Plaintiff's counsel was experienced in matters such as this one and had participated in numerous appeals before the SRO in the past. Id. at 4-5. Good cause for late filing would be something like postal service error, or, in other words, an event that the filing party had no control over. Application of a Child with a Disability, Appeal No. 03-007. In short, Plaintiff's counsel cannot be said to be unaware of certain time limitations imposed on parties challenging IHO decisions, and it was her duty to comply with the rules for filing.

Lastly, allowing Plaintiff to raise the merits of the complaint heard by IHO Wooley in this action would circumvent the procedures established for litigating IDEA claims. Although

9

Plaintiff's grievance with IHO Wooley's determinations may have merit, she should have raised it on appeal to the SRO in accordance with 20 U.S.C. § 1415(i)(1)(A). Review by the SRO is an essential step in the process of resolving an IDEA claim. To allow Plaintiff to assert claims that she failed to assert before the SRO due to her non-compliance with the applicable procedures would be tantamount to cutting the SRO out of the process for resolving IDEA claims.

### D. Dismissal of Second Appeal under Res Judicata and Collateral Estoppel

The doctrine of *res judicata* "precludes parties from litigating issues 'that were or could have been decided in a prior proceeding.'" Perez v. Danbury Hosp., 347 F.3d 419, 426 (2d Cir. 2003) (quoting Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000), quoting in turn Allen v. McCurry, 449 U.S. 90, 94 (1980)). To prove *res judicata*, "a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the Plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan, 214 F.3d at 285.

The related doctrine of collateral estoppel precludes parties from litigating "a legal or factual issue already decided in an earlier proceeding." Perez, 347 F.3d at 426; Boguslavsky v. Kaplan, 159 F.3d 715, 719-20 (2d Cir. 1998). Collateral estoppel prevents the relitigation of issues from a prior proceeding when a four-part test is met: "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" Boguslavsky, 159 F.3d at 720 (quoting Interoceanica Corp. v. Sound Pilots, Inc. 107 F.3d 86, 91 (2d Cir. 1997) (further citations omitted)); see also United States v. United States Currency in the Amount of $119,984.00, 304 F.3d 165, 172

(2d Cir. 2002).

After reviewing the second SRO decision, this Court concludes that SRO Kelly correctly determined that Plaintiff was barred from relitigating the issues by the doctrines of *res judicata* and collateral estoppel. IHO Wooley and SRO Kelly both concluded that Plaintiff requested the second hearing in order to address the same issues as in the first hearing. IHO Decision 2 (Dkt. No. 7, Attach.1, Ex. D) at 8-9; SRO Decision No. 05-056 (Dkt. No. 7, Attach. 1, Ex. E) at 2. Moreover, in her complaint, Plaintiff does not allege that she raised any new issues in her request for a second hearing.

In his second decision, SRO Kelly cited numerous SRO decisions barring the relitigation of issues resolved in prior proceedings. SRO Decision No. 05-056 (Dkt. No. 7, Attach. 1, Ex. E) at 3. While noting that there is no authority for the proposition that IHO's may assume jurisdiction to resolve future disputes between the same parties, SRO Kelly affirmed IHO Wooley's decision to retain jurisdiction in this case for the "narrow purpose of addressing any subsequent hearing request which raised no new issues or complaints." SRO Decision No. 05-056 (Dkt. No. 7, Attach. 1, Ex. E) at 4. However, even if IHO Wooley erred in retaining jurisdiction over disputes between Plaintiff and Defendant arising after the first impartial hearing, the error was harmless. If an IHO other than IHO Wooley was appointed to conduct the second impartial hearing, a reconsideration of the issues would still have been barred by *res judicata* and collateral estoppel.

### E. Attorneys' Fees

Prior to the reauthorization of IDEA, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B) (2000).

11

This section was amended and now authorizes a court, in its discretion, to award attorneys' fees to a prevailing state educational agency from the attorney of a parent who filed a frivolous claim or, alternatively, from the attorney of a parent, or against the parent, if the complaint was filed for purposes of harassment, unnecessary delay, or increasing the cost of litigation. 20 U.S.C. § 1415(i)(3)(B)(II)-(III) (Supp. 2006).

In a case decided long before the 2005 reauthorization of IDEA, a court in this District held that "where a trial court determines that a Plaintiff has brought an action under [20 U.S.C. § 1415] in bad faith, the district court has the inherent authority to award attorney fees to the prevailing Defendant." Hiller v. Board of Educ. of Brunswick Cent. Sch. Dist., 743 F. Supp. 958, 976 (N.D.N.Y. 1990) (McCurn, D.J.). It must, nevertheless, be noted that the statutory language, whether before or after the amendment, gives the trial court discretion in awarding attorneys' fees. In this case, there is insufficient evidence of bad faith on the part of Plaintiff in bringing her complaint. Even though Plaintiff filed a request for a second hearing prior to receiving a decision on her first appeal of IHO Wooley's decision, the Court cannot conclude that she did so frivolously or in order to harass Defendant. IHO Decision 2 (Dkt. No. 7, Attach.1, Ex. D) at 11. On the basis of the administrative record, it appears that Plaintiff was genuinely dissatisfied with the manner in which the impartial hearing process was conducted and zealously sought a remedy.

After reviewing the administrative record, the Court concludes that Defendant's request for attorneys' fees must be denied.

### III.  CONCLUSION

For the reasons stated above, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED**, that Defendant's request for attorneys' fees (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED:       December 19, 2006
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge